**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| Parneet Kaur,<br>Plaintiff,<br>vs.<br>Equifax Information Services, LLC,<br>Experian Information Solutions, Inc.,<br>Trans Union, LLC,<br>American Express National Bank, and<br>Discover Bank,<br>Defendants | Case No.: 2:25-cv-01332-RAJ<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Parneet Kaur, by and through counsel, individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, as and for this First Amended Complaint against Defendants Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), Trans Union, LLC ("TransUnion"), (Equifax, Experian and TransUnion, each a "Bureau" and collectively "Bureaus"); American Express Company ("AMEX") and Discover Bank ("Discover") (AMEX



Brubaker Law Group PLLC
14506 NE 184th PL
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

and Discover each a "Furnisher" and collectively "Furnishers"), and respectfully sets forth, complains, and alleges, upon information and belief, the following:

1. Plaintiff brings this action for damages arising from each Defendant's violations of 15 U.S.C. § 1681 et seq., the Fair Credit Reporting Act ("FCRA").

2. As described more fully below, Defendants improperly reported Plaintiff as deceased on Plaintiff's credit report.

3. Plaintiff disputed the accounts.

4. Each Defendant failed correct the inaccuracies.

5. Plaintiff was thereby damaged.

## **JURISDICTION AND VENUE**

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, and 15 U.S.C. § 1681p *et seq*.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred here, the Plaintiff resides here, and the Defendants transact business here.

## **PARTIES**

8. Plaintiff is a resident of Washington, County of Kent.

9. At all times material hereto, Plaintiff was a "consumer" as said term is defined by 15 U.S.C. § 1681a(c).

10. Defendant Equifax Information Services, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

11. Equifax is a Georgia corporation registered to do business in this State.



Brubaker Law Group PLLC
14506 NE 184th PL
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

12. Equifax may be served with process c/o Corporation Service Company, 300 Deschutes Way SW, Ste 208 MC-CSC1, Tumwater, WA 98501.

13. Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

14. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

15. Defendant Experian Information Solutions, Inc., is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

16. Experian is an Ohio corporation registered to do business in this State.

17. Experian may be served with process c/o CT Corporation System, 711 Capitol Way S, Suite 204, Olympia, WA 98501.

18. Experian is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

19. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

20. Experian PLC, the parent company for Experian, is traded on the London Stock Exchange under the symbol EXPN.

21. In May 2025 Experian PLC had a market cap of more than $36 billion.



Brubaker Law Group PLLC
14506 NE 184th PL
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

22. Experian was sued by the Consumer Financial Protection Bureau ("CFPB") on January 7, 2025.

23. The CFPB sued Experian for sham investigations of credit report errors. https://www.consumerfinance.gov/about-us/newsroom/cfpb-sues-experian-for-sham-investigations-of-credit-report-errors/.

24. Experian does not properly investigate disputes and fails to remove or reinserts errors on reports, threatening consumers' access to credit, employment, and housing. *Id.*

25. Experian routinely and uncritically accepts the original furnisher's response to the disputed information, even when that response was improbable or illogical on its face, or when Experian has other information available that suggests the furnisher is unreliable. *Id.*

26. Experian's failures are an abdication of its obligations under the FCRA. *Consumer Financial Protection Bureau v. Experi an Information Solutions, Inc.*, 8:25-cv-00024 (Central Dist. Cal.) Doc. 1 at ¶ 14.

27. Defendant TransUnion, LLC, is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

28. Defendant TransUnion is a Delaware corporation registered to do business in this State.

29. TransUnion may be served with process c/o The Prentice-Hall Corporation System, Inc., 300 Deschutes Way SW Ste 208 Mc-Csc1, Tumwater, WA 98501.

30. At all times material hereto, TransUnion is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681a(p) to third parties.


Brubaker Law Group PLLC
14506 NE 184th PL
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

31. At all times material hereto, TransUnion disbursed such consumer reports to third parties under a contract for monetary compensation.

32. Trans Union, the parent company of Defendant TransUnion, is traded on the New York Stock Exchange under the symbol TRU.

33. Defendant AMEX is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

34. AMEX has an address for service at c/o C T Corporation System, 28 Liberty Street, New York, NY 10005.

35. Defendant Discover is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

36. Discover has an address for service at c/o C T Corporation System, 28 Liberty Street, New York, NY 10005.

## CLASS ALLEGATIONS

37. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

38. As to the Bureaus, the "CRA Class" consists of:

a. all individuals with primary or secondary addresses in the State of Washington;

b. for whom one or more Bureau noted was deceased (including ECOA code of X, as well as any other form of being marked as deceased in their credit file or credit report);

c. regarding an individual who, at the time, was not listed on the Death Master File as deceased;



Brubaker Law Group PLLC
14506 NE 184th PL
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

d. containing at least one third-party inquiry on the individual's credit report or credit file during the time period when such individual was marked deceased;

e. which deceased marking was listed on or after a date two (2) years prior to the filing of this action and on or before September 15, 2025.

39. As to the Furnishers, the "Furnisher Class" consists of:

a. all individuals with primary or secondary addresses in the State of Washington;

b. that disputed all or part of their account information to one or more of the Bureaus;

c. which dispute was then forwarded to Furnisher;

d. for whom, 30 days or more after receipt of the dispute, Furnisher reported to one or more of the Bureaus that the consumer was deceased;

e. regarding an individual who, at the time, was not listed on the Death Master File as deceased;

f. on or after a date two (2) years prior to the filing of this action and on or before September 15, 2025.

40. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf it reports credit.

41. Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

42. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue



Brubaker Law Group PLLC
14506 NE 184th PL
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

is whether each Defendant's reporting of living consumers as deceased violates 15 U.S.C. § 1681 et seq.

43. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor Plaintiff's attorneys have any interests, which might cause them not to vigorously pursue this action.

44. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class(es) defined above are so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class(es) and those questions' predominance over any questions or issues involving only individual class members. The principal issue is whether each Defendant's reporting of living consumers as deceased violates 15 U.S.C. § 1681 *et seq*.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class's members. The Plaintiff and all members of the Class(es) have claims arising out of each Defendant's common uniform course of conduct complained of herein.



Brubaker Law Group PLLC
14506 NE 184th PL
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

45. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class(es) predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

46. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to modify the class definition(s), and/or certify class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

47. Plaintiff incorporates the above allegations as if set forth here.



Brubaker Law Group PLLC
14506 NE 184th PL
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

Background

48. Plaintiff incorporates the above allegations as if set forth here.

49. There is an account with Defendant AMEX,, account number ending in …3953 (“Account 1”).

50. There is an account with Defendant Discover, account number ending with …4697 (“Account 2”) (Account 1 and Account 2 each an “Account” and collectively “Accounts”).

51. Each Account was appearing on Plaintiff’s credit reports from each Bureau.

52. On information and belief, on a date better known to each Bureau, it prepared and issued consumer reports concerning the Plaintiff that included the Accounts.

53. However, neither of the Accounts belong to Plaintiff.

54. In addition, each Account was showing Plaintiff as “Deceased”.

55. It appears at some points as far back as 2023 each Defendant has been reporting Plaintiff as deceased.

56. Due to this deceased marking, each Bureau also showed Plaintiff as not having a credit score.

57. Plaintiff is not deceased.

58. Plaintiff is very much alive.

59. The reporting of her being deceased is inaccurate.

60. Upon information and belief, the Social Security Administration (SSA) provides the Department of Commerce’s National Technical Information Service (NTIS) a public file of death information.


Brubaker Law Group PLLC
14506 NE 184th PL
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

61. NTIS distributes the public file of death information, also known as the public Death Master File (DMF), to other agencies and private organizations, including consumer reporting agencies.

62. Upon information and belief, each Bureau has a data exchange agreement with the SSA and/or NTIS to receive updated death information.

63. Upon information and belief, each Furnisher has the ability to receive the same or the equivalent updated death information.

64. Upon information and belief, each Defendant failed to cross-check the DMF to verify whether Plaintiff was a part of the catalog of social security numbers that belong to deceased individuals.

65. Had each Bureau maintained reasonable procedures it would have realized that Plaintiff is not deceased.

66. Had each Bureau attempted to timely verify if Plaintiff was deceased, it would have realized she was in fact alive.

67. Had Furnisher(s) attempted to timely verify if Plaintiff was deceased, it would have realized she was in fact alive.

68. Each Bureau had been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

69. Upon information and belief, each Furnisher was reporting Plaintiff as deceased to each Bureau.

70. The information described above, furnished by each Furnisher and published by each Bureau was inaccurate.


Brubaker Law Group PLLC
14506 NE 184th PL
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

71. Plaintiff disputed the deceased marking ("Dispute") in writing in or around 2024.

72. Despite Plaintiff's dispute, each Defendant failed to correct its reporting of Plaintiff as deceased.

73. Despite one or more of the Dispute(s), Plaintiff was being reported incorrectly as deceased by each Bureau.

74. Upon receipt of the Dispute(s) each Bureau failed to conduct a reasonable investigation.

75. Each Bureau is required to notify each Furnisher of Plaintiff's dispute(s).

76. It appears and is therefore averred that each Bureau notified each Furnisher of Plaintiff's dispute(s).

77. Upon receipt of each Dispute from each Bureau, each Furnisher failed to conduct a reasonable investigation.

78. Despite the falsity and their actual or constructive knowledge thereof, Defendants continued to report false and inaccurate adverse information on the consumer report of the Plaintiff.

79. A reasonable investigation by each Bureau would have revealed that Plaintiff was not deceased and that she was being incorrectly reported.

80. A reasonable investigation by each Furnisher would have revealed that Plaintiff was not deceased and that she was being incorrectly reported.

81. Each Bureau violated 15 U.S.C. § 1681i by failing to conduct a reasonable investigation within 30 days of receiving Plaintiff's Dispute(s).

82. Each Bureau violated 15 U.S.C. § 1681i (a)(2)(A) by failing to provide notice of the dispute(s) to Furnisher or, in the alternative, if each Bureau did comply with Section 1681i



Brubaker Law Group PLLC
14506 NE 184th PL
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

(a)(2)(A) then each Bureau failed to comply with Section 1681i (a)(2)(B) by failing to provide Plaintiff all relevant information received from Furnisher.

83. Each Bureau violated 15 U.S.C. § 1681e by failing to follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's consumer report.

84. To the extent that Plaintiff's credit information was mixed with someone else's, it appears this other person, and any entity receiving her credit report, received Plaintiff's credit information without a permissible purpose.

85. Each Bureau violated 15 U.S.C. § 1681b by impermissibly furnishing her credit information to one or more persons without a proper purpose.

86. Each Furnisher's actions described herein violated 15 U.S.C. 1681s-2 (b).

87. Notwithstanding this, each Defendant continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

88. Each Furnisher continued to furnish credit data which was inaccurate and materially misleading, and each Bureau's reporting of the above-referenced tradeline(s) continued to be inaccurate and materially misleading.

89. Each Defendant knew or had reason to know the information was inaccurate.

90. At minimum, each Defendant demonstrated a reckless disregard for the true facts.

91. These actions by each Defendant caused extensive damage to Plaintiff.

<u>Damages</u>

92. As a result of each Defendant's failure to comply with the FCRA, Plaintiff has been damaged.

93. Each Defendant's erroneous reporting continues to affect Plaintiff's reputation, creditworthiness, and credit score.



Brubaker Law Group PLLC
14506 NE 184th PL
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

94. Plaintiff suffered damage to her reputation as it falsely appears as if she is deceased when she is not.

95. Plaintiff suffered damage to her reputation as it falsely appears as if she has credit accounts that are not hers.

96. This false information was published to numerous third parties.

97. This negative information reflected poorly upon Plaintiff and is incompatible with the proper exercise of Plaintiff's lawful financial affairs.

98. Plaintiff has, inter alia, suffered a loss of credit, loss of ability to purchase and benefit from credit, loss of time, loss of money, harm to her reputation, a chilling effect on applications for credit, mental and emotional pain, anguish, humiliation, and embarrassment of having fraudulent information on his credit report, in her credit file, and for credit denial and its after-effects.

99. Plaintiff was denied multiple funding opportunities due to each Defendant's actions.

100. Plaintiff was emotionally distraught and damaged, had difficulty sleeping, and difficulty staying asleep.

101. Plaintiff was left with no choice but to initiate the instant proceeding.

**FIRST CAUSE OF ACTION**
(Violations of the FCRA as to each Bureau)

102. Plaintiff incorporates the allegations above the First Cause of Action as if set forth here.

103. This is an action for willful and/or negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.


Brubaker Law Group PLLC
14506 NE 184th PL
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

104. Each Bureau violated 15 U.S.C. § 1681e (b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that each Bureau maintained or furnished concerning the Plaintiff.

105. Each Bureau violated 15 U.S.C. § 1681i by failing to conduct a reasonable investigation and delete the disputed tradeline within 30 days of receiving Plaintiff's dispute(s) and by failing to maintain reasonable procedures with which to verify the disputed information in Plaintiff's credit file.

106. Each Bureau violated 15 U.S.C. § 1681i (a)(2)(A) by failing to provide notice of the Dispute to each Furnisher or, in the alternative, if each Bureau did comply with Section 1681i (a)(2)(A) then it failed to comply with Section 1681i (a)(2)(B) by failing to provide Plaintiff all relevant information received from Furnishers.

107. Each Bureau violated 15 U.S.C. § 1681b by impermissibly furnishing Plaintiff's credit information to one or more persons without a proper purpose.

108. Each Bureau has willfully and recklessly, or in the alternative negligently, failed to comply with the Act.

109. The failure of each Bureau to comply with the Act includes but is not necessarily limited to:

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

c) The failure to promptly and adequately investigate information which each Bureau had notice was inaccurate;



Brubaker Law Group PLLC
14506 NE 184th PL
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

d) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

e) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised each Bureau to delete;

f) The failure to take adequate steps to verify information each Bureau had reason to believe was inaccurate before including it in the credit report of the consumer; and

g) The failure to provide notice of a dispute to the Furnishers or, in the alternative, the failure to provide Plaintiff all relevant information received from the Furnishers in response to a dispute.

110. As a result of the conduct, action and inaction of each Bureau, Plaintiff suffered damage as described above.

111. The conduct, action and inaction of each Bureau was willful rendering each Bureau liable for actual, statutory and punitive damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

112. In the alternative, the conduct, action, and inaction of each Bureau was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

113. Plaintiff is entitled to recover reasonable costs and attorney's fees from each Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n-1681o.

114. WHEREFORE, Plaintiff demands judgment for damages together with attorney's fees and court costs pursuant to 15 U.S.C. §§ 1681n-1681o.



Brubaker Law Group PLLC
14506 NE 184th PL
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

**SECOND CAUSE OF ACTION**
(Violations of the FCRA as to Furnishers)

115. Plaintiff incorporates the allegations above the First Cause of Action as if set forth here.

116. This is an action for willful and/or negligent violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

117. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

118. Pursuant to the Act, Furnishers of disputed information must be notified by the credit reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff.

119. The Furnishers must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

120. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the Furnishers must report the results to any other agencies which were supplied such information.

121. Upon information and belief, and as described above, each Furnisher received notice of Plaintiff's dispute(s) from one or more of the Bureaus.

122. Each Furnisher violated 15 U.S.C. § 1681s-2 (b) as described above, including, but not limited to, failing to fully and properly investigate the dispute(s) of the Plaintiff, failing to review all relevant information regarding same, and failing to correctly report results of an accurate investigation to the credit reporting agencies.


Brubaker Law Group PLLC
14506 NE 184th PL
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

123. Each Furnisher continued to report this information on the Plaintiff's credit report after being notified of the dispute(s) regarding the Account(s) as described above.

124. As a result of the conduct, action, and inaction of each Furnisher, Plaintiff suffered damage as described above.

125. The conduct, action, and inaction of each Furnisher was willful, rendering it liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

126. In the alternative, the conduct, action, and inaction of each Furnisher was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

127. Plaintiff is entitled to recover reasonable costs and attorney's fees from each Furnisher in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n-1681o.

128. WHEREFORE, Plaintiff demands judgment for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. §§ 1681n-1681o.

## DEMAND FOR TRIAL BY JURY

129. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Eliyahu Babad, Esq., as Class Counsel;

b) For actual damages provided and pursuant to 15 U.S.C. § 1681o (a) be awarded for each negligent violation as alleged herein;



Brubaker Law Group PLLC
14506 NE 184th PL
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

c) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

d) For statutory damages provided and pursuant to 15 U.S.C. § 1681n (a);

e) For statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

f) For punitive damages provided and pursuant to 15 U.S.C. § 1681n (a)(2);

g) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n (a)(3), 15 U.S.C. § 1681o (a)(2) and 15 U.S.C. § 1640(a)(3); and

h) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: August 21, 2025

By: s/ Michael Brubaker
Michael Brubaker, Esq.
WSBA #49804
Brubaker Law Group PLLC
14506 NE 184th Pl
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

Eliyahu Babad
Stein Saks, PLLC
One University Plaza, Suite 620
Hackensack, NJ 07601
(201) 282-6500 x121
EBabad@SteinSaksLegal.com
*Pro Hac Vice*

*Attorneys for Plaintiff*